SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

Ann STEPHENSON, et al., Defendants.

No. 88 Civ. 3303 (JES).

United States District Court, S.D. New York.

March 13, 1990.

Thomas C. Newkirk and John H. Walsh, Washington, D.C., for plaintiff S.E.C.

Jones, Bell, Simpson & Abbott, Los Angeles, Cal. (Craig R. Brockman, of counsel), and Brown & Wood, New York City (Henry F. Minnerop, of counsel), for defendant Sentra Securities Corp.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

On September 26, 1989, the Court granted summary judgment to the Securities and Exchange Commission ("SEC") ordering Sentra Securities Corporation ("Sentra") to disgorge the profits of unlawful trades made by Sentra on behalf of two customers, Frederick and Richard Strasburg. *See Securities & Exchange Comm'n v. Stephenson*, 720 F.Supp. 370 (S.D.N.Y.1989). The following discussion assumes familiarity with the facts stated in that opinion. Presently before the Court is the SEC's request for prejudgment interest on the disgorged funds. For the reasons stated herein, the Court finds that the award of prejudgment interest is appropriate.

## DISCUSSION

■ Both parties agree that the Court has the equitable discretion to award prejudgment interest. *See Manufacturers Hanover v. Drysdale*, 801 F.2d 13 (2d Cir.

1986), *cert. denied*, 479 U.S. 1066, 107 S.Ct. 952, 93 L.Ed.2d 1001 (1987); *Rolf v. Blyth*, 637 F.2d 77 (2d Cir.1980). Although the award is generally compensatory in nature, *i.e.*, designed to make whole a plaintiff deprived of the use of monies, the Court may also award interest in response to considerations of fairness, *see Blau v. Lehman*, 368 U.S. 403, 414, 82 S.Ct. 451, 457, 7 L.Ed.2d 403 (1962); *Rolf, supra*, 637 F.2d at 87, such as whether the defendant has had the benefit of access to the funds prior to judgment. *Cf. Drysdale, supra*, 801 F.2d at 29.

■ The Court finds that the considerations of fairness and equity in this case weigh heavily in favor of awarding prejudgment interest. Since August 1986, Sentra has possessed the profits of trades made on behalf of the Strasbergs who have admitted that the trades were made on inside information. Parties trading on inside information are liable for prejudgment interest. *See Securities & Exchange Comm'n v. Tome*, 638 F.Supp. 638 (S.D.N.Y.1986), *aff'd*, 833 F.2d 1086 (2d Cir.1987), *cert. denied*, 486 U.S. 1014, 108 S.Ct. 1751, 100 L.Ed.2d 213 (1988). Moreover, as the Strasburgs' agent, Sentra had no colorable claim to ownership of the funds and should be in no better position than its principal. In fact, the Court found that Sentra's retention of the funds amounted to a windfall and that the remedy of equitable disgorgement was appropriate to deprive Sentra of this unjust enrichment. *See* 720 F.Supp. at 373; *see also Securities & Exchange Comm'n v. Tome*, 833 F.2d 1086, 1096 (2d Cir.1987) (primary purpose of disgorgement is to prevent unjust enrichment), *cert. denied*, 486 U.S. 1014, 108 S.Ct. 1751, 100 L.Ed.2d 213 (1988). Therefore, the Court finds that awarding prejudgment interest in this case is consistent with the purposes of equitable disgorgement. *See Tome, supra*, 638 F.Supp. at 640 (awarding prejudgment interest in disgorgement action).[1]

---

**1.** The Court rejects Sentra's claim that the award of interest is inequitable because it was not guilty of any misconduct. First of all, Sentra's misconduct or lack thereof is irrelevant to the issue of unjust enrichment. *Cf. Lodges 743 & 1746 v. United Aircraft*, 534 F.2d 422, 447 (2d Cir.1975), *cert. denied*, 429 U.S. 825, 97 S.Ct. 79, 50 L.Ed.2d 87 (1976) (wrongdoing of defendant not a prerequisite to award). Moreover, it is not clear that Sentra is free from all wrongdoing. Deposition evidence was submitted indicating that Sentra knew that the trades were

The Court further finds that the policies of equitable disgorgement are sufficiently served by calculating the interest from the date which Sentra first had the benefit of access to the funds, *i.e.*, when Sentra transferred the funds to its own account on August 28, 1986.[2]

Accordingly, prejudgment interest of 9%[3] *per annum* shall be calculated on the sum of $185,308.11[4] from August 28, 1986.

It is SO ORDERED.

---

illegal when it transferred the funds to its account. *See* 720 F.Supp. at 371 n. 3.

The Court also rejects Sentra's claim that the award of prejudgment interest would be inequitable because of the SEC's delay in bringing suit. Sentra, however, has not shown why the SEC's conduct was unreasonable. However, even assuming that there was such a delay, the Court finds that, under the facts of this case and consistent with the policies underlying disgorgement, the award of prejudgment interest is not inequitable.

2. The SEC argues that this action sounds in conversion and that interest should be calculated from the date when Sentra received the order to reverse the trades. Sentra claims, however, that if the Court determines that conversion rules apply, its retention of the funds was lawful until the SEC demanded disgorgement, *i.e.*, when the SEC filed its complaint, and therefore, should only be liable for interest from that date. The Court does not find these arguments persuasive. Until Sentra benefitted from the funds it was not unjustly enriched so that an award of prejudgment interest prior to that date would not be appropriate. *See Chris–Craft Indus. v. Piper Aircraft Corp.,* 516 F.2d 172, 191 (2d Cir.1975) (prejudgment interest is not punitive in nature), *rev'd on other grounds,* 430 U.S. 1, 97 S.Ct. 926, 51 L.Ed.2d 124 (1977). However, after that date it was unjustly enriched regardless of when the SEC brought suit. Moreover, any interest earned on the principal between the date of the trade and the transfer of the funds into Sentra's account should properly be disgorged by the Strasburgs not Sentra, since during that time it was the Strasburgs who had the benefit of the interest.

3. The SEC requests the legal rate of interest, 9%, and Sentra does not dispute this amount. *See* Transcript of Nov. 3, 1989 at 9–10. Therefore, the rate of interest shall be 9%.

4. The parties have stipulated this amount is the amount of the funds in question.